THE PEOPLE, *ex relatione* TRAVER, *vs.* THE SUPERVISORS OF THE COUN-TY OF DUTCHESS.

A *county clerk* is not entitled to compensation for *continuing* general *indexes* of the names of grantors and grantees, mortgagors and mortgagees contained in the books of records in his office of deeds and mortgages.

DEMURRER to a return to an alternative *mandamus*. The alternative writ required the defendants to audit, and allow the relator's account, as late clerk of the county of Dutchess, for making general indexes to the deeds and mortgages recorded in that county, from 1832 to 1838, pursuant to the *statutes of* 1826, *p.* 359, *ch.* 313. On the return to the alternative writ, it appeared, that the relator was clerk from the 1st day of January, 1829, to 1st January, 1838. In February, 1829, the court of common pleas of Dutchess made an order, in pursuance of the act of 1826, requiring the re-lator to provide books and make the general indexes contemplated by that act. The relator complied with the order, and made the indexes up to 1st Janua-ry, 1832, for which the supervisors allowed and paid him $950, in addition to the expense of stationery, binding, cutting and preparing books. The re-lator afterwards continued the general indexes, by entering the deeds and

mortgages recorded for the time being, from January 1st, 1832, to the end of his term on the 1st January, 1838. For this last service he presented an account to the supervisors, at their annual meeting in November, 1838, amounting to $580, but *the board refused to allow any thing. There had been no new order by the court of C. P. after the order made in 1829. The relator demurred to the return, and the defendants joined in demurrer.

[ *182 ]

*S. Barculo*, for relator.

*D. V. N. Radcliff*, for defendants.

*By the Court*, BRONSON, J. It was formerly the practice to make an index to each volume of the county records ; and that course is still required by law, 2 *R. S.* 286, § 61, though it may, perhaps, be dispensed with in those counties which have procured general indices under the act of 1826. The old mode has in fact been dispensed with in the county of Dutchess since the general indices were completed at the end of the year 1831. After that period, the relator, when he recorded a deed or mortgage, omitted making an index in the particular book, and made the proper entry in the general index. This cost him no more labor than the old mode ; and it rendered the searches much more convenient, both for him and the public. He has not done the same thing twice, or in two forms—once under the general law, and again under the act of 1826—and in an equitable point of view, the supervisors acted very properly in rejecting his claim.

But I shall not place my opinion upon that ground. If he had continued the index in each volume of records after the year 1831, the charge for *continuing* the general indices after they had once been *completed*, could not be allowed. By the act of 1826, it was made the duty of every county clerk, *whenever directed by the court of common pleas of the county*, to provide proper books for making general indices of all deeds and mortgages recorded or registered in his county, and to index in alphabetical order all such deeds and mortgages. The indices of deeds and mortgages were to be entered in separate books, and *sufficient room was to be left to make further entries from time to time ;* " and when the said indices shall be *so completed*," the board of supervisors *of the county were to audit and pay the account of the clerk for services and expenses. There was a *proviso* that the act should not extend to any county where *such indices had already been provided. Statutes of* 1826, *p.* 359. The act was amended the next year, *Statutes of* 1827, *p.* 203, § 3, but the amendment does not affect the present question. The relator made and completed the general indices for his county, in pursuance of the order of the court directing it to be

[ *183 ]

done, and was paid for his services and expenses pursuant to the statute. The act of 1826 had then performed its office, so far as it related to the county of Dutchess. It contained no provision for a second order by the court of common pleas, and none was in fact made. In *continuing* the general indices after they were once *completed* according to the statute, the relator undoubtedly acted with reference to his own convenience in making searches, and has had his compensation in the fees allowed by law for those services. If he has done more than his duty, he acted voluntarily, and has no legal claim upon the county for compensation.

The relator's counsel thought it important to notice that the act of 1826 was not repealed in the general revision of the laws in 1830. In relation to those counties which had already procured general indices, the act had answered the end for which it was made, and there was no occasion for repealing it; and in relation to other counties, the act was properly left in force, to the end that general indices might be provided whenever the county court should so direct. The omission to repeal the statute does not prove that the legislature intended the clerks should be paid for *continuing* general indices which had already been made.

It is of course unnecessary to consider the other questions which were mentioned on the argument.

Judgment for defendants.